JAMES REID, JR., Respondent, *v.* A. W. MULLINS, Appellant.

1. *Deed of trust — Surplus, payment of — Creditor, claim of to surplus by reason of purchase of land and notes.* — A trustee in a deed of trust cannot refuse to pay over to one who has purchased the encumbered property subject to the trust, any surplus after satisfying the trust notes, on the ground that the purchase was without consideration and a fraud upon creditors. Until set aside in a direct action by the creditors, such sale will stand, and strangers will not be permitted to prove the fraud. And he cannot refuse so to pay over the surplus on the ground that the purchaser at the trust sale had already become the owner of the land and the assignee of the notes, and thus claimed to be entitled to the money. The rights of the creditor cannot be passed upon in this collateral manner.

## *Appeal from Linn Circuit Court.*

As appears from defendant's answer, the property bid in by Waters and Cave, as stated in the opinion of the court, was sold to them in 1860, which was after the deed of trust, and after the date of the deed from Reid, Sr., to Reid, Jr., but before the sale under the trust deed.

*A. W. Mullins,* for appellant.

The deed from James Reid, Sr., to James Reid, Jr., the plaintiff, was utterly void. (Wagn. Stat. 280, § 2.) The question as to the validity of that deed could properly be raised by the defendant's answer in this suit. And if the deed was fraudulent and void, the plaintiff had no right to the surplus fund in controversy. (Every v. Edgarton, 7 Wend. 259.) The equity of the case is certainly against the plaintiff.

*Easley* and *G. D. Burgess,* for respondent.

The motion to strike out part of the answer of appellant was properly sustained. The matter stricken out was an attempt upon the part of one who was neither a creditor nor purchaser to attack a conveyance for an alleged fraud. (1 Sto. Eq., § 371; McLaughlin v. McLaughlin, 16 Mo. 243.) It was also an attempt to litigate the rights of Waters and Cave, who are not parties to the suit. If the appellant wanted to raise the ques-

tions set up in that part of his answer, he should have caused Waters and Cave and respondent to interplead for the fund. (2 Sto. Eq. ch. 22, p. 12 *et seq.*)

BLISS, Judge, delivered the opinion of the court.

Defendant was named as trustee in two deeds of trust executed by James Reid, Sr., father of plaintiff, both for the benefit of John H. Ware, one to secure a note of $500, and the other a note of $450 and interest; and afterward the said Reid, Sr., conveyed the same property to the plaintiff, subject to said deeds of trust. Upon maturity of the notes the trustee sold the property, which was bid in by R. G. Waters, for the use of the firm of Waters & Cave, for the sum of $1,400, and a deed was executed reciting the bid. This suit was instituted to recover of Mullins, the trustee, the balance in his hands over and above the amounts due upon the notes named in the trust deed.

Among other things, the defendant set out in his answer that James Reid, Sr., was largely involved in debt over and above the notes secured by the trust deed, and more than he was able to pay, the said Waters & Cave being among his creditors; that the deed to his son, the plaintiff, was without consideration, and made to defraud his creditors; that the said Waters & Cave put their claim in judgment, and levied on and sold the interest of Reid, Sr., in the property, bidding it in themselves; that they also purchased the notes secured by the trust deeds, and at the sale by defendant owned the same; and that at said last sale no money, in fact, was paid to defendant, but the notes were delivered up to him and canceled.

So much of the answer as sets out these facts was, on the plaintiff's motion, stricken out by the court; and thus the question is now presented whether, in this action, the facts so set out constitute any defense.

It is of no consequence whatever to defendant whether the sale to the plaintiff was honest or not; until set aside at the suit of the creditor, it will stand, and strangers will not be permitted to prove the fraud. The defendant was a trustee for both the other parties to the deed, and, after paying the debt, held the surplus for

the benefit of the grantor or his assigns. The plaintiff was the assignee, and was entitled to it until some one else should establish his right. The trustee has no right to act as attorney for a creditor, and assume or show, in excuse for not paying over the money, that such creditor might have an equitable claim to it if he should choose to pursue it. And besides, a decision in this case will not conclude the creditor. He is not a party, and is not asserting his right; and whatever the decision now, may hereafter prosecute his claim by another proceeding. His right cannot be passed upon collaterally, and the court will not attempt to do so.

It may be said that the facts set up show that the creditor was entitled to the money, and the trustee was not bound to collect it from him. But the trustee stands wholly impartial between the parties, and he must be treated as though the whole bid was paid over to him as recited in his deed, and the surplus was paid to the creditor. He thus not only places the parties in a different position by making it necessary for the debtor's assignee to sue for the surplus, but he assumes to decide upon the legality of a conveyance good upon its face, and good upon the facts assumed, against all the world except the creditor, and which *he* might never impeach. This is not an impartial execution of his trust; and that he may have decided correctly is no excuse for interference in a matter outside of his duties as trustee.

Judgment affirmed. The other judges concur.